## HATHAWAY *v.* BRADY.

A COURT of Equity may supply an omission in a promissory note, fixing the
    rate of interest, so as to make it correspond with the intention of the parties.
Parol evidence may be introduced for the purpose of showing what were the words

Hathaway *v.* Brady.

omitted, and that they were omitted by mistake, but such evidence should clearly and fully establish the fact.

The statute which requires that a contract, for a greater rate of interest than ten per cent. per annum, shall be in writing, does not prevent a Court of Equity from correcting mistakes as to the rate of interest, in contracts for the payment of money, although by such correction the rate of interest be made to exceed ten per cent. per annum.

APPEAL from the Third Judicial District, Alameda County.

The facts are stated in the opinion of the Court.

*W. W. Stow,* for Appellant.

The cause of action first set out in plaintiff's complaint, was upon a note of five hundred dollars, with interest at the rate of two per cent. until paid. It does not say two per cent. per month, nor per day, nor per annum. The Court allowed verbal evidence to be given that the note should read "two per cent. per month." This was a clear violation of the statute (Wood's Dig. 551), and was overrating. (*Adler* v. *Friedman,* 16 Cal. 140.) It will not do to say that a Court of Equity could reform this agreement, by making it correspond to the original intent of the parties, and make a written agreement to pay interest different from the written agreement which defendant actually executed. Besides, the agreement was not made with plaintiff. He became the owner of this note, according to his own showing, as it was written. The averment of the complaint is that this note was indorsed to him, *i. e.,* as it reads, not as it might have been intended to read.

*W. W. Crane,* for Respondent.

It is apparent from the reading of this note that an omission was made. It became due by its terms the moment it was delivered, and if literally construed, is an obligation to pay five hundred dollars with two per cent. added, that is, five hundred and ten dollars immediately. The use of the words "until paid" indicates that the interest was to be at a certain rate for certain stated periods until paid. The Court acted properly in permitting us to explain the instrument and fill up an apparent omission. It was not an attempt on our part to vary or contradict the terms of the con-

tract. (*Palmer* v. *Vance*, 13 Cal. 553; *Thompson* v. *Brothers*, 5 Mill. Lou. 275.) In this last case the Court says: "If a house be let or leased on a given rent, without saying whether it be a monthly or yearly one, parol evidence is certainly admissible to establish that the rate manifests that the parties contemplate a yearly one." (See also *Seely* v. *Engell*, 3 Kernan, N. Y. 542; *Boyd* v. *Brotherton*, 10 Wend. 93; *Smith* v. *Wilson*, 3 B. & Adolph. 728; *Boorman* v. *Jenkins*, 12 Wend. 566; 2 Parsons on Contracts, 76.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon three promissory notes, one for $500, one for $6,197.43, and the other for $2,000. The case was tried by a jury, who rendered a verdict for $11,151.30. The defendant moved for a new trial, which the Court ordered to be granted, unless the plaintiff would remit the sum of $1,127.78 from the amount of the verdict. The plaintiff remitted the amount, and thereupon the Court refused a new trial, and the defendant appeals.

The first note sued on is as follows:

"$500.                    SAN LORENZO, Oct. 4th, 1857.

"For value received, I promise to pay to the order of George Hyde, five hundred dollars, with interest at the rate of two per cent. until paid.                    LEWIS BRADY."

The complaint avers that the agreement of the defendant was to pay interest at the rate of two per cent. *per month*, but that by mistake the words *per month* were omitted in the note; and he asked that the mistake be corrected by inserting the omitted words in the note, and for judgment thereon accordingly. The answer of the defendant denies that there was any agreement to pay two per cent. per month, or that the words "per month" were omitted by mistake. On the trial the Court permitted the plaintiff to prove the facts thus put in issue by parol evidence, and this the defendant now assigns as error.

It is evident from the face of the promissory note that there is an omission of some kind in that part which relates to the rate of interest. If it be true that the words "per month" were intend-

Hathaway *v.* Brady.

ed to be inserted by the parties, and that they were omitted by mistake, the plaintiff has a right to have such mistake corrected. The power of a Court of Equity to correct mistakes in written contracts is clear and undoubted. And in such case the mistake may be proved by parol evidence, though such proof should fully and clearly establish the facts. (*Wagonblast* v. *Washburn*, 12 Cal. 212; *Palmer* v. *Vance*, 13 Id. 556; *Eldridge* v. *See Yup Co.*, 17 Id. 55; *Lestrade* v. *Barth*, 19 Id. 661; *Pierson* v. *McCahill*, 21 Id. 122.) But it is urged that as the statute regulating the rate of interest requires that a contract for a greater rate of interest than ten per cent. per annum shall be in writing, therefore the agreement to pay a greater rate cannot be proved by parol. The power of a Court of Equity to correct mistakes in contracts which the statute requires to be in writing—such as conveyances of real estate—and to permit such mistake to be proved by parol evidence, is as well established as in cases where the contract is not required to be in writing. In fact, the greater class of cases in which this relief has been granted has been that of conveyances of real estate, which the law requires to be in writing. (1 Story's Eq. Secs. 158, 159.) It follows that there was no error in the action of the Court upon this point.

The only other error alleged is that the judgment is for a greater sum than the plaintiff was entitled to under the evidence. It seems that there were various matters of account between the plaintiff and the defendant, as also between the plaintiff and one Babcock, who rented defendant's land for a share of the crops. It is not contended here that the Court erred in any of its instructions to the jury or in the admission of evidence; but this Court is asked to investigate all these accounts, as a jury would be required to do, or a Court engaged in trying the case at *nisi prius*. These matters seem to have been fully and fairly investigated by the jury; but the Court below, in reviewing the action of the jury on the motion for a new trial, with all the evidence before it, came to the conclusion that the amount of the verdict was too great, and required the plaintiff to remit a large portion of it, which he did. Under these circumstances, where both Court and jury have acted upon the question, this Court will not reinvestigate it, upon the

ground that the judgment is contrary to the evidence, where the evidence is conflicting, and no rule of law has been violated. The plaintiff claims that he was entitled to the full amount found by the verdict of the jury; but as he consented to take the lesser amount, by remitting under the order of the Court, and has not appealed from the judgment, we cannot act upon any such question.

The judgment is affirmed.